UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10885-WGY

ANTONIO JONES, pro se,
    Plaintiff,

v.

STEVEN LEGERE, et al.,
    Defendants.

## ANSWER

NOW come Massachusetts Department of Correction ("Department") defendants, Joe Freitas, Bruce Gelb, Keith Houle, Jeffrey Bussiere, Matthew Way, Ryan Burke, Michael Farley, Steven Legere, and the Department (collectively as "Defendants")[1], and answer as follows:

## INTRODUCTION

The allegations contained in this paragraph are by way of an introductory statement to which no response is required.

## JURISDICTION

The allegation contained under this heading is a conclusion of law to which no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants admit that plaintiff filed grievances; however, at this time, they are without sufficient knowledge as to whether plaintiff fully exhausted his administrative

---

[1] The other named Department defendants have been dismissed from the case. The medical defendants are represented by separate counsel.

remedies with respect to all claims and all defendants, and this allegation is, therefore, denied.

## PARTIES

2. Defendants admit that plaintiff was incarcerated at Souza-Baranowski Correctional Center ("SBCC") during the events described in this action.

3. Defendants admit that Harold Clarke was the Commissioner of the Department. He is no longer a defendant in this case, and, therefore, no further response is required.

4. Defendants admit that defendant Bruce Gelb was the Deputy Superintendent of Operations at SBCC. The remaining allegation is a conclusion of law to which no response is required.

5. Defendants admit that Thomas Dickhaut was the Superintendent at SBCC. He is no longer a defendant in this case, and, therefore, no further response is required.

6. Defendants admit that Scot Haverty was a Captain at SBCC. He is no longer a defendant in this case, and, therefore, no further response is required.

7. Defendants admit that defendant Steven Legere was a Lieutenant at SBCC. The remaining allegation is a conclusion of law to which no response is required.

8. Defendants admit that Robby Dodd was a Lieutenant at SBCC. He is no longer a defendant in this case, and, therefore, no further response is required.

9. Defendants admit that defendant Joe Freitas was a Lieutenant in Special Operations. The remaining allegation is a conclusion of law to which no response is required.

10. Defendants admit that defendant Michael Farley was a Sergeant at SBCC. The remaining allegation is a conclusion of law to which no response is required.

11.     Defendants admit that John Houle was a Sergeant.  He is no longer a defendant in this case, and, therefore, no further response is required.

12.     Defendants are unaware of a Joseph Cummings who was a Sergeant at SBCC.  In any event, he is no longer a defendant in this case, and, therefore, no further response is required.

13.     Defendants admit that Paul Ouelette was a Correction Officer at SBCC.  He is no longer a defendant in this case, and, therefore, no further response is required.

14.     Defendants admit that defendant Keith Houle was a Sergeant at SBCC.  The remaining allegation is a conclusion of law to which no response is required.

15.     Defendants admit that defendant Matthew Way was a Correction Officer at SBCC.  The remaining allegation is a conclusion of law to which no response is required.

16.     Defendants admit that defendant Ryan Burke was a Correction Officer at SBCC.  The remaining allegation is a conclusion of law to which no response is required.

17.     Defendants are unaware of a Joshua Smith who was a Correction Officer at SBCC.  In any event, he is no longer a defendant in this case, and, therefore, no further response is required.

18.     Defendants admit that defendant Jeffrey Bussiere was a Sergeant at SBCC.  The remaining allegation is a conclusion of law to which no response is required.

19.     Defendants are unaware of a Sylvia who was a Sergeant at SBCC.  In any event, he is no longer a defendant in this case, and, therefore, no further response is required.

20.     Defendants are unaware of a John Doe who was a Correction Officer at SBCC.  In any event, he is no longer a defendant in this case, and, therefore, no further response is required.

21.     Angela D'Antonio is not represented by Department counsel, and, therefore, no response is required.

22.     U Mass Correctional Health is not represented by Department counsel, and, therefore, no response is required.

23.     Defendants admit that defendant Department of Correction is an agency of the Commonwealth within the Executive Office of Public Safety and Security. The remaining allegation is a conclusion of law to which no response is required.

24.     Admit.

25.     The allegation is a conclusion of law to which no response is required.

26.     Nurse Sue is not represented by Department counsel, and, therefore, no response is required.

## FACTUAL ALLEGATIONS

27.     Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

28.     Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

29.     Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

30.     Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

31.     Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

32. Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

33. Defendants admit only to the extent that plaintiff was transferred from MCI-Cedar Junction to SBCC on May 3, 2009.

34. Denied.

35. Defendants admit only to the extent that plaintiff was sprayed with OC spray and was physically forced into the cell while in restraints as a result of plaintiff's refusal to comply with orders to enter the cell and his actions in physically resisting the officers. The cell was a two-person cell and another inmate was housed in that cell.

36. Defendants admit only to the extent that he was physically forced into the cell. Defendants are without sufficient information as to whether his shoulder struck the bed and the floor, and, therefore, this allegation is denied.

37. Defendants admit that before the OC spray was used, plaintiff stated that he had asthma.

38. Denied.

39. Denied. Plaintiff was asked if he would like a shower to rinse the agent, and plaintiff refused to answer. The Department's regulations speak for themselves.

40. Denied.

41. Denied.

42. Defendants are without sufficient information with regard to the allegation contained in this paragraph, and it is, therefore, denied.

43. Denied.

44. Defendants are without sufficient information with regard to the allegation contained in this paragraph, and it is, therefore, denied.

45. Defendants admit only to the extent that on August 4, 2009 plaintiff was scheduled for a court appearance in federal court in Boston.  Defendants are without sufficient information as to the remainder of this allegation, and it is, therefore, denied.

46. Defendants admit that defendant Farley advised plaintiff that he needed to be fully restrained to go to court, which includes leg irons.

47. Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

48. Defendants admit only to the extent that plaintiff told defendant Farley that he would not voluntarily leave the facility in leg irons because of a medical condition, an injured knee.

49. Defendants admit only to the extent that the mittimus envelope contained a restraint modification form with a denial by defendant Gelb.  This information was conveyed to plaintiff, who still refused to go with the transportation officer.  Defendants are without sufficient information with regard to the clothing, and that allegation is, therefore, denied.

50. Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

51. Defendants are without sufficient information as to this allegation, and it is, therefore, denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendants admit only to the extent that defendants Legere and Dodd arrived to assist defendant Farley with plaintiff, who was refusing to go to the state transportation vehicle and was on the floor with his legs outstretched.

64. Denied.

65. Defendants admit only to the extent that after defendant Legere gave a direct order to plaintiff to move from the booking area to the state transportation vehicle, plaintiff refused to move.  Defendant Legere warned plaintiff that force, including the use of chemical weapons, would be used.

66. Denied.

67. Denied.

68. Denied.

69. Defendants admit that plaintiff was in full restraints and was on the floor when defendant Legere applied the OC spray.

70. Denied.

71.  Defendants admit only to the extent that defendant Dodd offered plaintiff a wheel chair, assisted him into it, and placed Jones into a holding cell so that he could get water.

72.  Denied.

73.  Defendants admit only to the extent that he was not permitted to change his clothing or to shower; plaintiff was seen by medical staff and was decontaminated.

74.  Denied.

75.  Denied.

76.  Defendants admit only to the extent that Haverty authorized the use of OC spray in plaintiff's facial area.

77.  Denied.

78.  Defendants are without sufficient information as to what records were reviewed prior to the planned use of force, and the allegation is, therefore, denied.  The Department's regulations speak for themselves.

79.  Defendants are without sufficient information as to what records were reviewed prior to the use of OC spray, and the allegation is, therefore, denied.  The Department's regulations speak for themselves.

80.  Denied.  Further, the Department's policies, regulations, and SBCC procedures speak for themselves.

81.  Denied.

82.  Denied.  Further, the Department's regulations speak for themselves.

83.   Defendants are without sufficient information as to whether Haverty was disciplined with regard to this incident, and, therefore, this allegation is denied.  Further, the Department's regulations speak for themselves.

84. Denied.

85. The Department's regulations speak for themselves.

86. The Department's regulations speak for themselves.

87. Denied.

88. Denied.

## CLAIMS FOR RELIEF

The allegations contained under this heading are conclusions of law to which no response is required.

## RELIEF REQUESTED

The allegations contained under this heading are by way of conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendants are not responsible for any loss or injury allegedly suffered by plaintiff, if any loss or injury, in fact, occurred.

3. Defendants are entitled to qualified immunity.

4. Defendants are entitled to sovereign immunity.

5. Plaintiff's claim is barred by the applicable statute of limitations.

6. Plaintiff has failed to exhaust all available administrative remedies prior to filing suit.

7. Because of his own acts or omissions, plaintiff is estopped from raising any of the claims he may have against Defendants for any of the matters asserted in his Complaint.

8.     Defendants at all times acted reasonably, in good faith, within their official discretion, and not in disregard of settled principles of constitutional law with respect to all matters alleged in plaintiff's Complaint.

Defendants to reserve the right to supplement their Answer with additional affirmative defenses.

**DEFENDANTS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

DATED: September 27, 2013

/s/ C. Raye Poole
C. Raye Poole
B.B.O. # 632719
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 147

Certificate of Service

I, C. Raye Poole, counsel for Department Defendants, hereby certify that on this 27th day of September 2013, I served a copy of the above motion by first class mail, postage prepaid, on plaintiff Antonio Jones W70710 at his last known address, MCI-Concord, P.O. Box 9106, Concord, MA 01742.

/s/ C. Raye Poole
C. Raye Poole